UNITED STATES DISTRICT COURT
FOR THE
NORTHEN DISTRICT OF ILLINOIS

| | |
|---|---|
| RECHELLE GUILLORY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| LEADING EDGE RECOVERY ) | **COMPLAINT AND DEMAND FOR** |
| SOLUTIONS, LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

RECHELLE GUILLORY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LEADING EDGE RECOVERY SOLUTIONS, LLC, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant maintains its headquarters and regularly conducts business in the State of Michigan; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Lake Charles, Louisiana.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company, which uses the mailing address of 5440 North Cumberland Ave., Suite 300, Chicago, IL 60656.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. Defendant repeatedly contacted Plaintiff while attempting to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to GE Money Bank account.

12. The alleged debt at issue arose out of a credit card used by Plaintiff, and taken out by Plaintiff's mother, which was used exclusively for personal, family, or household purposes.

13. As Plaintiff has no business debt, the debt could only have been personal in nature.

14. Beginning in or around August 2011 and continuing until October 2011, Defendant's collectors made repeated and harassing calls to Plaintiff's cellular telephone in

order to collect the debt.

15. Defendant called Plaintiff from numbers including, but not limited to (888) 306-0588. The undersigned has confirmed that this number belong to Defendant.

16. Often times, Defendant's collectors called Plaintiff's cellular telephone multiple times per day.

17. Defendant's collectors were often rude and threatening to Plaintiff.

18. Defendant's collectors accused Plaintiff of intentionally shirking her responsibility, and told her that this was "wrong".

19. Defendant's insults and allegations caused frustration for Plaintiff, as she genuinely intended on paying the debt, and regularly attempted to enter into settlements with Defendant that were feasible, given Plaintiff's financial hardships.

20. On at least one occasion, Defendant's collector falsely informed Plaintiff that she could be convicted of fraud, as the credit card allegedly belonged to Plaintiff's mother, and was used by Plaintiff.

21. This intentionally false statement of fact and law was shocking and offensive to Plaintiff.

22. Defendant's collectors repeatedly called Plaintiff's cellular telephone at her place of employment.

23. The collector calls were received at times which disrupted Plaintiff's work tasks and daily routines, leading Plaintiff to demand that Defendant stop calling her cellular telephone, especially during business hours.

24. Despite the demand to cease, or intending for additional calls to harass her into paying, Defendant knowingly continued to place unwanted calls to Plaintiff's cellular telephone

during business hours.

25. After speaking with Plaintiff, Defendant's collectors then intensified the harassment by expanding calls to include a third party, Plaintiff's brother, though he was not a signatory of the credit card and had no involvement with any transactions comprising the alleged debt.

26. Calls to the brother were placed after Defendant knew it possessed accurate contact and location information for Plaintiff, and therefore Defendant placed the calls with the intention of abusing, harassing and embarrassing Plaintiff.

27. During third party calls to the brother, collectors revealed personal financial information intending to abuse, harass and embarrass Plaintiff.

28. On at least one occasion, a collector told the brother that Defendant would garnish Plaintiff's mother's wages if payment were not made, but had no lawful reason to make that statement except to abuse, harass and embarrass Plaintiff and her family into paying the debt by any means.

29. Though no intervening payment has been made, Defendant has not attempted to garnish Plaintiff's mother's wages, leading to the conclusion that Defendant did not intend to pursue the action threatened.

30. Upon information and belief, Defendant never intended to garnish Plaintiff's wages, but threatened to do so in order to coerce Plaintiff and/or her family members into paying the alleged debt.

31. Defendant's collectors also spoke with Plaintiff's mother on numerous occasions when it called the residence, and was told by her to cease and desist calls but Defendant did not honor this directive and continued to call.

32. The repeated calls to Plaintiff's family caused a deterioration of her relationship(s) with her family members.

33. The abusive, harassing and embarrassing calls caused Plaintiff significant mental anguish and loss of sleep.

34. Defendant's actions as described herein were made with the intent to harass, abuse, upset, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from contacting consumers at t time that the debt collector knows or reasonably should know is inconvenient to the consumer.

36. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff's cellular telephone during business hours, despite repeated notification that this was not a convenient time for Plaintiff to speak.

## COUNT II
## DEFENDANT VIOLATED § 1692c(b) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with third parties with the consent of the consumer, for purposes other than acquiring the location information of the consumer.

38. Defendant violated § 1692c(b) of the FDCPA when it communicated with Plaintiff's brother about the alleged debt, after Defendant had spoken with Plaintiff and Plaintiff's mother.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

39. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

40. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it threatened to garnish Plaintiff's mother's wages when it lacked intent to do so, when it called Plaintiff at inconvenient times, when it told Plaintiff that it was "wrong" that she could not meet her financial obligations, and when it engaged in other harassing and abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

41. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

42. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

43. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive

or misleading representation or means in connection with the collection of any debt.

44. Defendant violated § 1692e of the FDCPA, when it misrepresented that it would garnish Plaintiff's mother's wages when it lacked intent to do so, when it falsely stated that Plaintiff had committed a crime, and when it made other false, deceptive or misleading representations.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(7) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

45. Section 1692e(7) of the FDCPA prohibits debt collectors from falsely representing that a consumer has committed a crime in order to disgrace the consumer

46. Defendant violated § 1692e(7) of the FDCPA, when it misrepresented that it Plaintiff had committed a crime by using a credit card in her mother's name.

## COUNT VII
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

47. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

48. Defendant violated § 1692e(10) of the FDCPA, when it misrepresented that it would garnish Plaintiff's mother's wages when it lacked intent to do so, and when it used other deceptive means to collect a debt from Plaintiff.

PLAINTIFF'S COMPLAINT

## COUNT VIII
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

49. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

50. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff at inconvenient times, when it misrepresented that it had intent to garnish Plaintiff's mother's wages, when it falsely stated that Plaintiff had committed a crime, when it attempted to shame Plaintiff by telling her that it was "wrong" that she could not meet her financial obligations, and when it engaged in other unfair conduct.

WHEREFORE, Plaintiff, RECHELLE GUILLORY, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RECHELLE GUILLORY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/11/12

KIMMEL & SILVERMAN, P.C.

Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff